UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | Magistrate Case No. '07 MJ 2784 |
| Plaintiff, | |
| v. | COMPLAINT FOR VIOLATION OF: |
| **Nicole LAMB,** | Title 8 U.S.C., Sec. 1324 (a)(1)(A)(ii) Transportation of Illegal Aliens |
| Defendant(s) | |

The undersigned complainant, being duly sworn, states:

On or about **November 29, 2007,** within the Southern District of California, defendant **Nicole LAMB** with the intent to violate the immigration laws of the United States, knowing and in reckless disregard of the fact that aliens, namely, **Moises DE LA LUZ-Martinez, Juan Jose PACHECO-Flores, and Beatriz DE LA LUZ** had come to, entered and remained in the United States in violation of law, did transport and move, said aliens within the United States in furtherance of such violation of law; in violation of Title 8, United States Code, Section 1324(a)(1)(A)(ii).

And the complainant further states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

SIGNATURE OF COMPLAINANT
James Trombley
Senior Patrol Agent

SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE, THIS 3rd DAY OF **DECEMBER, 2007**

Ruben B. Brooks
UNITED STATES MAGISTRATE JUDGE



**CONTINUATION OF COMPLAINT:**
**Nicole LAMB**

## PROBABLE CAUSE STATEMENT

I declare under the penalty of perjury that the following statement is true and correct:

Furthermore, the complainant states that **Moises DE LA LUZ-Martinez, Juan Jose PACHECO-Flores, and Beatriz DE LA LUZ-Martinez** are citizens of a country other than the United States; that said aliens have admitted that they are deportable; that their testimony is material, that it is impracticable to secure their attendance at the trial by subpoena; and they are material witnesses in relation to this criminal charge and should be held or admitted to bail pursuant to Title 18, United States Code, Section 3144.

On November 29, 2007, at approximately 6:00 p.m., Border Patrol Agents C. Salorio, J. Alvarado, J. Martinez and Supervisory Border Patrol Agent J. Ortiz in full Border Patrol duty uniform were performing their assigned Interstate 8 checkpoint duties located near In-Ko-Pah, California. In-Ko-Pah is located approximately five miles east of the town of Jacumba, California and approximately one mile north of the United States/Mexico International border. Jacumba, California is located approximately 25 miles east of the Tecate, California Port of Entry and is within one-quarter mile north of the United States/ Mexico International boundary. Old Highway 80 travels through Jacumba and parallels the border for several miles to the east and the west and merges with Interstate 8 (I-8) in In-Ko-Pah. Due to the rough mountainous terrain and the close proximity to the border, the area surrounding Jacumba and In-Ko-Pah is notorious for the presence of illegal aliens and narcotics trafficking. I-8 is also a main corridor utilized to transport illegal aliens and narcotics to other areas in the United States. When the I-8 checkpoint is operational, all eastbound vehicle traffic is stopped and inspected before they continue eastbound towards El Centro, California.

At approximately 6:10 p.m., Agent Salorio was assigned primary agent duties while Agent Ortiz assumed the secondary back-up position. Signs alerting to a Border Patrol inspection ahead were displayed one mile west of I-8 along with a cone pattern, stop signs and lighting that indicated that the checkpoint was fully operational. At approximately 6:12 p.m., a blue sedan traveling eastbound entered the marked cone pattern and stopped at Agent Salorios's primary location. The driver of the vehicle, a Caucasian female, with short blonde hair, and wearing black pants and a gray top told Agent Salorio without being questioned, "El Centro" in the English language and remained silent and nervously gripped the steering wheel.

Agent Ortiz was situated next to the passenger's window and noticed approximately five subjects seated in the rear seat of the vehicle two on top of the three that were seated. One subject was seated in the passenger's seat. The front passenger looked forward avoiding eye contact with Agent Ortiz. Agent Ortiz also noticed the rear door windows were becoming obscured by humidity. Agents Salorio and Ortiz decided to secondary the vehicle to perform a closer inspection of the occupants. As Agent Salorio verbally commanded and signaled the driver to the secondary inspection, the driver instead accelerated the vehicle past the secondary inspection area and traveled eastbound towards El Centro, California.

Agent Ortiz recognized the driver of the blue sedan was eluding further inspection and notified agents in the area of the incident. Neither Agents Ortiz nor Salorio were able to record the vehicles' license number. Agent Ortiz responded in his marked Agency vehicle and attempted to follow the blue sedan eastbound and record the vehicles' license number.

Agent Ortiz traveled for approximately one-half mile eastbound and noticed that the only vehicle traveling eastbound in front of him from the checkpoint was applying its' brakes and stopping on the shoulder of I-8. Agent Ortiz immediately came to a stop to the driver's side of the vehicle and noticed a Caucasian female with short blonde hair and wearing black pants and a gray top exiting from the driver's side door. The driver then ran towards a group of subjects who had also exited the parked vehicle from the passenger's side doors. All subjects including the driver were now running eastbound on the shoulder of I-8. Vehicle traffic

**CONTINUATION OF COMPLAINT:**
Nicole LAMB

at this time was busy with tractor trailers and motorist traveling at highway speeds through the area. Agent Ortiz fearing the subjects in their attempt to elude apprehension would cross northbound the eastbound lanes of I-8 ran to the front of the group of subjects and identified himself as a Border Patrol Agent and ordered them to stop. As Agent Ortiz observed the first six subjects stop he also noticed the Caucasian female driver turned around and was now running westbound away from him towards a desolate area. Agent Ortiz relayed this information to other units in the area and gave a description of foot-sign, clothing description (black pants/ gray top), and direction of travel of the Caucasian female driver.

Agent Ortiz conducted an immigration field interview of the six subjects he had stopped. All six subjects individually stated that they were citizens and nationals of Mexico present without the proper immigration documents to be or remain legally in the United States. None of the subjects could produce immigration documents allowing them to enter, be or remain in the United States legally. At approximately 6:15 p.m., Agent Ortiz placed all six subjects under arrest and transported them to the Boulevard Border Patrol Station for processing. The blue sedan, a 1990 Volvo 740 was held pending seizure procedures.

At approximately 6:50 p.m., Agent Alvarez and Martinez relayed over the service radio that they had located a Caucasian female wearing black pants and gray top concealing herself in brush approximately one-quarter mile northwest from the area where the blue sedan came to a stop. This area is desolate and semi-deserted with only three residences located north of I-8 and one business. Agent Alvarez identified himself as a Border Patrol agent and field interviewed the Caucasian female who identified herself as Nicole Lamb, a United States citizen. Agent Alvarez noticed that LAMB matched the clothing description relayed by Agent Ortiz, and placed LAMB under arrest for 8 USC 1324 alien smuggling. LAMB was transported to the Boulevard Border Patrol station for processing

**DEFENDANT STATEMENT:**

On November 29, 2007 at approximately 9:01 p.m., at the Boulevard Border Patrol Station in Boulevard, California, Nicole LAMB was advised of her MIRANDA rights in the English language by Border Patrol Agent J. Alvarado and witnessed by Border Patrol Agent J. Martinez. LAMB stated that she was not under the influence of alcohol or drugs that would impair her understanding of these rights. LAMB understood her rights and provided BPA J. Alvarado with a taped sworn statement in the English Language which in summary depicts the following:

LAMB stated she made arrangements on November 28, 2007 with an unidentified individual in Tecate, California to smuggle/transport six (6) illegal aliens to Ocotillo, California for the sum of $300.00 to $400.00. LAMB stated that she needed to return on today's date to a pre-arranged location and that the foot-guide would flag her down and direct the group of illegal aliens to her vehicle. LAMB picked up the group of six illegal aliens near Tecate, California. LAMB stated that she was going to meet an unknown person in Ocotillo, California where she would get paid to drop off the illegal aliens.

LAMB stated that she proceeded on Highway 94 then to Interstate 8 where she was later arrested by the United States Border Patrol. LAMB claims this was her third arrest for alien smuggling.

## MATERIAL WITNESSES STATEMENTS:

Material Witnesses **Moises DE LA LUZ-Martinez, Juan Jose PACHECO-Flores, and Beatriz DE LA LUZ-Martinez** stated that they are citizens and nationals of Mexico illegally present in the United States. They stated that they did not have any immigration documents allowing them to be in the United States legally. They stated that arrangements had been made in Baja California, Mexico to be smuggled into the United States. All material witnesses stated that they were to pay $3000.00 U.S. dollars to be smuggled to Los Angeles, California. All material witnesses stated that a foot guide led them across the border. All material witnesses stated that they were led to a pre-determined pick-up location. They stated that once the car arrived the guide told them to get in the vehicle. When shown a photographic lineup, material witnesses Moises DE LA LUZ-Martinez and Juan Jose PACHECO-Flores were able to identify the defendant as the driver of the vehicle.

**Executed on December 1, 2007 at 8:30 A.M.**

_____
Ismael A. Canto
Senior Patrol Agent

On the basis of the facts presented in the probable cause statement consisting of 3 page(s), I find probable cause to believe that the defendant named in this probable cause statement committed the offense on **November 29, 2007** in violation of Title 8, United States Code, Section 1324.

_____       12/1/2007 at 11:20 a.m.
Ruben B. Brooks                  Date/Time
United States Magistrate Judge